Case 1:24-cr-02068-MKD    ECF No. 27    filed 03/06/25    PageID.96    Page 1 of 3

FILED IN THE
US DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 06, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS DANIEL MENDEZ,<br><br>Defendant. | No. 1:24-CR-02068-MKD<br><br>ORDER GRANTING DEFENDANT'S MOTION TO EXPEDITE AND DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE<br><br>**ECF Nos. 24, 25** |

Before the Court is Defendant's Motion to Modify Conditions of Release (ECF No. 24) and related Motion to Expedite (ECF No. 25). Defendant was represented by Federal Defender Alex B. Hernandez III on the motions.

Defendant requests that the Court modify Special Condition No. 11 to impose a curfew instead of home detention. ECF No. 24. The United States Attorney's Office and the United States Probation/Pretrial Services Office have no objection to Defendant's request. *Id*.

The United States' position is confusing. On October 23, 2024, the Court held a detention hearing, and the United States argued that detention was necessary due to Defendant being both a risk of nonappearance and a danger to the safety of the community. ECF No. 17. The United States asserted that Defendant's offense conduct warranted detention. Specifically, the United States argued that the

ORDER - 1

offense conduct was serious because Defendant admitted to distributing controlled substances for his relative even following his relative's incarceration and that a 9mm firearm with a scratched serial number was found in Defendant's bedroom. Now, just slightly over four months after the Court released Defendant from custody over the United States' objection, the United States does not oppose the Court lowering Defendant's restrictions from home detention to a curfew. These are not consistent positions.[1]

When the Court released Defendant from custody in October 2024, the Court imposed home detention because the Court agreed with the United States that Defendant's offense conduct was serious and created a risk of danger to the community. ECF No. 17. However, the Court found that home detention and other conditions could mitigate that risk, particularly considering Defendant's ties to the community. *Id.* Defendant has not presented the Court with any new information that changes the Court's prior analysis that the conditions imposed are necessary to mitigate Defendant's risk of nonappearance and danger to the community. The fact that a curfew would give Defendant more flexibility with his work schedule does not impact Defendant's risk of nonappearance or danger to the

---

[1] In the future, if the United States wishes to accede to such a motion, it must file a formal withdrawal of its original motion for detention and explain the basis therefore.

ORDER - 2

community. Given the lack of new information that changes the analysis, the seriousness of Defendant's alleged offense conduct, and the short period of time that Defendant has been on pretrial release, the Court declines to grant Defendant's request. Defendant may renew his request should he present the Court with new information that alters the detention analysis or successfully abide by his release conditions for at least one year.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Expedite (**ECF No. 25**) is **GRANTED**.

2. Defendant's Motion to Modify Conditions of Release (**ECF No. 24**) is **DENIED**.

**IT IS SO ORDERED.**

DATED March 6, 2025.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 3